■ Louis S. Ederer, Respondent, v Steven R. Gursky et al., Appellants. [826 NYS2d 210]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered May 25, 2006, which, inter alia, directed defendants to account to plaintiff, refused to rule in defendants' favor that goodwill should not be valued in the accounting, declared in plaintiff's favor that the "Withdrawal Agreement" is valid and enforceable, and dismissed defendants' counterclaims for fraud, unjust enrichment and breach of contract, unanimously affirmed, with costs.

Partnership Law § 26 (b), limiting the liability of partners of a limited liability partnership, does not exempt such partners from their individual obligations to account to a withdrawing partner under the earlier enacted and unamended Partnership

Law § 74 (Rich, Practice Commentaries, McKinney's Cons Law of NY, Book 38, Partnership Law art 8-B, at 426; *compare* Partnership Law § 40 [1], [2]; § 71 [d]). Similarly, section 26 (b) does not exempt the individual defendants from liability to plaintiff for breaches of firm-related agreements between them. To the extent some of the individual defendants argue that they were not party to any such agreements with plaintiff, it appears that the assets of the PC, with which plaintiff entered into three agreements, were transferred to the successor LLP, in which all of the individual defendants were partners. The nature and value of the PC's assets, and plaintiff's interest therein, will be determined in the accounting, and to the extent any of the defendants are in possession of those assets, they may be obliged to pay them over to plaintiff. Arguments concerning who should account for what and appropriate valuation methods should be addressed in the first instance to the Special Referee who will be hearing and reporting the accounting.

The record does not conclusively establish that the subject firms have no goodwill, or rebut the presumption that goodwill, when it exists, is presumptively an asset to be accounted for like any other (*see Dawson v White & Case,* 88 NY2d 666, 671, *compare* 88 NY2d at 672-673 [1996]).

There is no merit to defendants' claim that they signed the Withdrawal Agreement under duress because plaintiff was the only attorney in the firm capable of trying an important case pending at the time he announced his withdrawal. Certainly, the terms of the agreement are not unreasonable or onerous. It mainly provides that plaintiff would leave by a certain date, continue to receive his regular draw and other compensation in the meantime, have any files on which he was working transferred to his new firm, and have the right to review firm books and records. It is not clear what defendants were forced to give up as a result of the alleged duress.

Defendants' counterclaim for fraud alleges that the firm was induced to give plaintiff additional compensation and forgive his debt to the firm in reliance on his misrepresentation, made 11 months before he announced his withdrawal, that "he was fully committed to going forward with the partnership so as to make it more successful and prosperous." This counterclaim should be dismissed for lack of evidence, responsive to plaintiff's prima facie showing that he had reason to distrust the firm's principal partner beginning some three months before he announced his withdrawal. Nor is there any evidence that the statement was false when made and intended to deceive (*see Handel v Bruder,* 209 AD2d 282 [1994]). Furthermore, any reliance by defendants

on this vague promise of "commitment" to the firm, not specific as to duration or obligation, was unreasonable. Defendants' counterclaims for unjust enrichment and breach of contract are based on the same alleged misrepresentation, which, no matter how cast, is too vague to warrant relief. Concur—Mazzarelli, J.P., Friedman, Sullivan, Williams and Gonzalez, JJ.