■ PATRICK J. HOEFFNER, Appellant, v ORRICK, HERRINGTON & SUTCLIFFE LLP et al., Respondents. [878 NYS2d 717]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered August 1, 2008, which, to the extent appealed from as limited by the briefs, partially granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's motions for partial summary judgment and to strike defendants' motion, unanimously modified, on the law, to reinstate so much of the first cause of action as alleges that plaintiff was induced to remain an associate with defendant law firm by the individual defendants' materially false representations about the firm's partnership process, and otherwise affirmed, without costs.

Plaintiff's alleged reliance on the individual defendants' statements concerning the partnership process at the law firm and plaintiff's partnership prospects was not unreasonable as a matter of law. He was an associate with no experience in applying for partnership at the firm, the firm's partnership process was confidential, and defendants, as partners, were privy to information about the past practices of the firm's Executive Committee.

As to damages, if plaintiff proves his claims, he will be entitled to the difference between the immediately payable portion of the other firm's offer, such as the signing bonus, and the sum he received from defendant law firm immediately after agreeing to remain with defendant (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421-422 [1996]; *Kenford Co. v County of Erie*, 67 NY2d 257, 261 [1986]). His damages may not include any amount based on continued employment with the other firm, since the duration and success of his career with that firm are speculative.

Plaintiff's promissory estoppel and unjust enrichment claims are duplicative of his breach of contract claim, since he alleges no duty owed him by defendants independent of the contract (*see Brown v Brown*, 12 AD3d 176, 176-177 [2004]). His breach of fiduciary duty claim fails because an employer owes no fiduciary duty to an at-will employee (*Weintraub v Phillips, Nizer, Benjamin, Krim, & Ballon*, 172 AD2d 254, 254 [1991]).

As to plaintiff's motion for summary judgment on his breach of contract claim, the contract did not require defendants to accept plaintiff as a partner, and since its language is not ambigu-

ous, consideration of parol evidence as to the intent of the parties would be improper (*see Mercury Bay Boating Club v San Diego Yacht Club*, 76 NY2d 256, 269-270 [1990]).

"The fact that defendant[s'] supporting proof was placed before the court by way of an attorney's affidavit annexing . . . deposition testimony and other proof, rather than affidavits of fact on personal knowledge, does not defeat defendant[s'] right to summary judgment" (*Olan v Farrell Lines*, 64 NY2d 1092, 1093 [1985]). Concur—Gonzalez, P.J., Tom, Sweeny, Buckley and Acosta, JJ. [*See* 20 Misc 3d 1139(A), 2008 NY Slip Op 51795(U).]