(June 8, 2010)

■ WEISER LLP, Appellant, v JEFFREY S. COOPERSMITH et al., Respondents. [902 NYS2d 74]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered September 15, 2009, after a nonjury trial, dismissing plaintiff Weiser's first, second and third causes of action and awarding defendants Coopersmith and Vogel $211,365.17 on their counterclaims, unanimously modified, on the law and the facts, to reinstate the first cause of action for breach of the restrictive covenant in article 14.1 of the subject partnership agreement to the extent it seeks liquidated damages in accordance with article 14.3 with respect to uncollected accounts receivable and clients who joined Weiser at the time of the 1999 merger and were serviced by Coopersmith, Simon & Vogel after April 27, 2005, and award judgment in favor of Weiser as to liability on that cause of action, the matter remanded for assignment to a special referee to calculate the amount of damages to be awarded, and otherwise affirmed, without costs. Appeal from the decision of the same court and Justice, entered August 18, 2009, unanimously dismissed, without costs, as taken from a nonappealable paper.

We previously held that Weiser made a prima facie showing that defendants agreed to be bound by the restrictive covenant in the Weiser partnership agreement in the context of a merger between their old firm and Weiser and that the covenant was not more extensive than reasonably necessary to protect Weiser's legitimate interests in enjoying the goodwill acquired in the merger (51 AD3d 583 [2008]; *see American Para Professional Sys. v Examination Mgt. Servs.*, 214 AD2d 413, 414 [1995]). We further found that Weiser made a prima facie showing that the liquidated damages provision was reasonable and did not impose an impermissible penalty (51 AD3d 583 [2008]). On remand, at the close of defendants' case, Weiser did not

renew its motion for judgment pursuant to CPLR 4401, thereby conceding the issues to be for the trial court as trier of fact (*Miller v Miller*, 68 NY2d 871 [1986]). The trial court found, among other things, that the restrictive covenant was overbroad as to all three defendants and declined to partially enforce it because Weiser had not shown an absence of overreaching and that it acted in good faith to support a legitimate interest. Upon our de novo review of the factual record, giving the trial court's findings deference to the extent based on an assessment of credibility (*see Matter of Falk*, 47 AD3d 21, 28 [2007], *lv denied* 10 NY3d 702 [2008]), we conclude that the trial court failed to accord our prior decision the appropriate precedential weight, and in denying recovery to Weiser erred to the extent indicated.

No evidence submitted by defendants in rebuttal warranted the trial court's departure from this Court's prior determination that the exchange of promises in the context of this commercial transaction supports enforcement of the restrictive covenant to the extent it requires defendants Coopersmith and Vogel to reimburse Weiser for the loss of clients brought to Weiser in connection with the merger. In particular, Weiser's agreement to assume liabilities of the old firm, including its substantial unfunded pension obligations owed to retired partners and partners nearing retirement, was given in exchange for the individual partners' agreement to bring their clients to Weiser and to be bound by the two-year restrictive covenant in the partnership agreement. Further, the restrictive covenant does not prevent competition by withdrawing partners, but requires them to reimburse the firm for damages resulting from the loss of clients within a reasonable period of time (*see BDO Seidman v Hirshberg*, 93 NY2d 382 [1999]). The instant case is thus distinguishable from the situation considered in *Lynch v Bailey* (275 App Div 527 [1949], *affd* 300 NY 615 [1949]) in which there was no indication that the newly formed accounting partnership assumed any liabilities of the plaintiff partner's old firm, and the restrictive covenant was unreasonable in both geographic and temporal scope. In the context of this case, the liquidated damages provision, to the extent it requires defendants to pay damages based on gross billings charged to clients of the old firm who became Weiser clients at the time of the merger and who transferred their business to defendants' newly formed firm within two years after their departure, is reasonable.

However, Coopersmith and Vogel asserted in affidavits submitted in rebuttal that some clients who transferred their

business from Weiser to their new firm had been developed, in the five years following the merger, from sources independent of Weiser, including Vogel's family and other clients. The sale of business rationale, which supports enforcement of the restrictive covenant as to clients "acquired" in the merger, does not extend to personal clients developed by defendants from sources independent of the firm after the merger. The sale of business rationale only permits enforcement of a restraint to the extent it is " 'reasonable,' that is, not more extensive, in terms of time and space, than is reasonably necessary to the buyer for the protection of his legitimate interest in the enjoyment of the asset bought" (*Purchasing Assoc. v Weitz*, 13 NY2d 267, 271 [1963]; *see Lynch v Bailey*, 275 App Div 527 [1949], *supra*).

Further, with respect to Simon, a fair interpretation of the record supports the trial court's finding that he joined Weiser as an employee at the time of the merger and agreed to be bound by a modified partnership agreement that gave him no equity interest. His position is thus substantively indistinguishable from that of the senior manager in *BDO Seidman v Hirshberg* (93 NY2d 382 [1999], *supra*), and Weiser's legitimate interests therefore do not include protecting clients developed by Simon independently and without assistance from the firm (*id.*).

Although we conclude that the restrictive covenant is overbroad to the extent indicated with respect to all three defendants, upon consideration of the equities and the record, we find that partial enforcement of the restrictive covenant is appropriate as to all defendants. Although Weiser did not modify the restrictive covenant after the decision in *BDO Seidman* was issued, that case did not consider the reasonableness of a restrictive covenant agreed to by partners in connection with a merger or upon promotion to a position as income partner (*see* 93 NY2d at 395; *cf. Scott, Stackrow & Co., C.P.A.'s, P.C. v Skavina*, 9 AD3d 805, 808 [2004], *lv denied* 3 NY3d 612 [2004]). The trial court's finding that Weiser acted in bad faith following defendants' departure with respect to their capital accounts and calculation of liquidated damages does not fully take into account that defendants preemptively informed Weiser that they would not be liable for any liquidated damages under the partnership agreement, aside from the guaranty of uncollected accounts receivable. The trial court also erred in finding that Weiser was not entitled to any recovery of liquidated damages because it failed to give defendants the periodic written notice of amounts claimed as required under the partnership agreement. Defendants waived that affirmative defense (CPLR 3015 [a]), and the failure to give notice, although it may affect the

timing of defendants' obligation to pay damages under the agreement, does not relieve them of the obligation entirely.

As for the calculation of the amount of liquidated damages, the record supports the trial court's findings that Weiser's demand for liquidated damages improperly included a total of about $670,000 billed with respect to clients who did not leave Weiser, and for nonrecurrent services, which are excluded from the calculation by the plain language of article 14.3. Weiser submitted no evidence that the executive committee made a good faith determination concerning the nature of the services billed by the withdrawing partners in the preceding year, while defendants set forth a detailed rationale for each claimed exclusion. Defendants further identified a total of about $250,000 that they claim should be excluded with respect to about 85 personal clients developed after the merger as the result of a specified referral source, independent of any subsidy or client development assistance from Weiser, and one premerger personal client of Simon. The trial court's finding that none of the claimed personal clients were shown to have been developed as a result of client development subsidies provided by Weiser is supported by a fair interpretation of the record.

The trial court's findings that Weiser suffered no damages as a result of any breach of fiduciary duty on the part of the defendants and that it improperly reduced the capital accounts of Coopersmith and Vogel after they departed, and without authority in the partnership agreement, are supported by a fair interpretation of the evidence.

No appeal lies from a decision directing settlement of judgment (*see* CPLR 5512). Concur—Gonzalez, P.J., Tom, Renwick, DeGrasse and Abdus-Salaam, JJ.