■ FRANK CRYSTAL & CO., INC., Appellant, v SANDRA J. DILLMANN et al., Respondents. [925 NYS2d 430]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered February 18, 2010, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the fraud in the inducement, breach of contract, breach of fiduciary duty, and tortious interference claims, unanimously affirmed, without costs.

To maintain a cause of action for fraudulent inducement of contract, a plaintiff must show "a material representation, known to be false, made with the intention of inducing reliance, upon which [it] actually relie[d], consequentially sustaining a detriment" (*Merrill Lynch, Pierce, Fenner & Smith, Inc. v Wise Metals Group, LLC*, 19 AD3d 273, 275 [2005]; *see also Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 406 [1958]). Summary judgment is warranted if a plaintiff is unable to establish any element of the claim (*see Shea v Hambros PLC*, 244 AD2d 39, 46 [1998]).

Defendant Dillmann stated in her affidavit that she did not knowingly misrepresent that she had no noncompete agreement with her former employer and that she did not have a copy of the noncompete agreement in her possession. In opposition, plaintiff failed to adduce any evidence that Dillmann intentionally misrepresented that fact, or that she never intended to try to achieve the projections in her proposed business plan.

In any event, plaintiff simply cannot satisfy the requirement of demonstrating detrimental reliance, since plaintiff expressly

retained Dillmann as an at-will employee with an unfettered right to terminate her employment at any time (*see Abacus v Datagence, Inc.*, 66 AD3d 552, 553 [2009]; *Meyercord v Curry*, 38 AD3d 315, 316-317 [2007]; *Arias v Women in Need*, 274 AD2d 353 [2000]). There was no familial or fiduciary relationship between the parties that would warrant a different standard (*see Braddock v Braddock*, 60 AD3d 84 [2009]).

Further, plaintiff failed to present evidence sufficient to raise an issue of fact as to any identifiable loss incurred as a result of the alleged fraudulent misrepresentation (*see Apollo H.V.A.C. Corp. v Halpern Constr., Inc.*, 55 AD3d 855, 857-858 [2008]). Plaintiff learned of Dillmann's noncompete just two weeks after she was hired, when it had expended minimal amounts on temporary office space and hired only one other employee in furtherance of its plan to establish a Seattle office. Plaintiff then elected to ratify the employment agreement. Plaintiff paid Dillmann the agreed salary and bonus, leased permanent office space, hired additional employees, and purchased equipment. Plaintiff may not recover damages for a loss resulting from detrimental reliance when the loss occurred after it was put on notice of the alleged false representation (*see Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 97-98 [2006], *lv denied* 8 NY3d 804 [2007]).

Defendants met their burden of demonstrating prima facie that they did not breach Dillmann's noncompete and nonsolicitation agreements with plaintiff after Dillmann left plaintiff for a job with defendant Aon (*see generally BDO Seidman v Hirshberg*, 93 NY2d 382 [1999]). Only one administrative employee joined Dillmann at defendant Aon, and plaintiff hired a replacement for her. Defendants submitted evidence that a client, Frank Russell Investments, moved its business to Aon for reasons unrelated to Dillmann's move. Russell chose Aon after soliciting a request for proposals (RFP) because of concerns about plaintiff and a connection between executives at the two firms. Dillmann provided no assistance to Aon, which responded to the RFP before Dillmann was retained and had prepared its proposal before Dillmann joined the firm. In opposition, plaintiff presented unsubstantiated assertions and speculations, which are insufficient to raise a triable issue of fact. As for one client that Dillmann actively solicited after leaving plaintiff, defendants demonstrated that plaintiff had no legitimate protectable interest in that client. The client was developed by Dillmann independently and without assistance from plaintiff (*see BDO Seidman*, 93 NY2d at 392; *Weiser LLP v Coopersmith*, 74 AD3d 465 [2010]).

Plaintiff's breach of fiduciary duty claim similarly fails. Dillmann, as an at-will employee, had no duty to remain employed by plaintiff, even if she was a key player in ongoing client proposals (*see Gallagher v Lambert*, 74 NY2d 562 [1989]).

Finally, plaintiff's tortious interference with contract or prospective business advantage with Russell fails because plaintiff had no contract with Russell, and there was no certainty that it would have gotten or retained the contract but for defendants' alleged interference (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]; *Slatkin v Lancer Litho Packaging Corp.*, 33 AD3d 421, 421-422 [2006]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Catterson, Manzanet-Daniels and Román, JJ.