■ BOBBY L. MOORE, Appellant, v IGPS COMPANY LLC et al., Respondents. [35 NYS3d 59]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered February 23, 2015, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the breach of contract causes of action based on terminating plaintiff without following proper procedures and canceling plaintiff's vested shares upon termination, and the tortious interference with contract and fraudulent inducement causes of action, and denied plaintiff's cross motion for partial summary judgment, unanimously modified, on the law, to deny defendants' motion as to the breach of contract cause of action based on canceling plaintiff's vested shares upon his termination, and otherwise affirmed, without costs.

Under the operative agreements, plaintiff was entitled to retain his vested equity even if fired for cause. While there were limitations on the marketability of plaintiff's vested shares as of the cancellation date, those limitations were not complete; plaintiff may have been able to sell the shares at that time had he retained possession of them. Thus, the vested shares, which otherwise had considerable value, were not rendered valueless by the limitations on marketability as of that date, and their improper cancellation in the amount of their ascertainable value caused injury to plaintiff (*see Cole v Macklowe*, 64 AD3d 480 [1st Dept 2009]; *Pharmathene, Inc. v Siga Tech., Inc.*, 2010 WL 4813553, 2010 Del Ch LEXIS 234 [Nov. 23, 2010, No. Civ 2627-VCP]). Accordingly, rather than dismissing the claim based on the fact that the value of the shares was later wiped out in IGPS's bankruptcy, the court should have considered plaintiff's evidence as to the shares' valuation as of the cancellation date, and, at most, applied a marketability discount to the valuation.

The court correctly dismissed the tortious interference claims, because there is no evidence that defendants realized any personal gain as a result of the cancellation of plaintiff's vested shares (*see Joan Hansen & Co. v Everlast World's Boxing Headquarters Corp.*, 296 AD2d 103, 109 [1st Dept 2002]).

The court correctly dismissed the claim for fraudulent inducement, because, even if there is evidence that defendants induced plaintiff to execute a 2011 employment agreement for the purpose of binding him to the non-compete and non-solicitation provisions, plaintiff cannot show reasonable reliance under the circumstances (*see Frank Crystal & Co., Inc. v Dillmann*, 84 AD3d 704 [1st Dept 2011]). Further, the evidence that plaintiff relies on is inadequate to support the allegation that statements made by defendants in connection with hiring him as chairman were false or intentionally misleading.

Even if plaintiff can prove that his termination was in technical breach of procedural provisions in the operative agreements, he cannot show that he suffered any damages as a result of that breach. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels and Webber, JJ.