■ JOHN EVATZ, Appellant, v CHANEL, INC., Respondent. [61 NYS3d 231]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered May 25, 2016, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Dismissal of the complaint was proper where plaintiff failed to create any triable issue of fact as to whether defendant made a misrepresentation to him that defendant knew was false in order to induce him to accept a position as a sales manager in defendant's Watches and Fine Jewelry (WFJ) Department, allegedly in order to steal plaintiff's high end clients (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 178 [2011]; *Frank Crystal & Co., Inc. v Dillmann*, 84 AD3d 704 [1st Dept 2011]).

Plaintiff cited four alleged misrepresentations. First, plaintiff failed to raise a triable issue as to whether defendant had represented that WFJ sales at its Madison Avenue store totaled approximately $5 million per year. While he testified contradictorily at times what that figure represented, and in particular whether it represented sales solely at the Madison Avenue store, his testimony failed to raise any triable issue whether that number represented sales of WFJ at the Madison Avenue store. He also failed to establish that this representation was false, since, in the preceding year, total sales of WFJ at the Madison Avenue store and defendant's 57th Street store were $7.1 million.

Next, his claim that Chanel misrepresented that sales at the store were "growing," raised in his affidavit in opposition to summary judgment, contradicts his deposition testimony that a Chanel executive told him "nothing's happening, nothing's selling" in fine jewelry, and the trial court properly declined to give any weight to that statement in his affidavit (*Vasquez v Urbahn Assoc. Inc.*, 79 AD3d 493, 494 [1st Dept 2010]). Even if defendant had represented that sales were growing, plaintiff could not have justifiably relied on it since he was told that nothing was selling (*see generally Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *Frank Crystal & Co., Inc.*, 84 AD3d at 704-705).

Regarding the third alleged misrepresentation, plaintiff failed to establish that Chanel misrepresented that it had a sales strategy in place. In his deposition, he did not elaborate

on what strategy was in place, and he acknowledged that he was hired to "creat[e] the strategy" to generate WFJ sales, and that one Chanel executive specified no strategy other than "we need more sales."

Regarding the fourth alleged misrepresentation, the court correctly concluded that plaintiff's claim that defendant misrepresented that it would provide the proper financial "support" to allow plaintiff to foster relationships with high end clients was not sufficiently detailed to be actionable. Plaintiff testified to assurances of receiving "the necessary funds" to entertain "VIPs," that he would have "whatever [he] need[ed]," and that it "should not be a problem," but he acknowledged that a Chanel executive clarified that it "need[ed] an idea" of what plaintiff had in mind. Plaintiff did not then request a more concrete expense account or budget. Nor could he have justifiably relied on such a vague promise (*see Ederer v Gursky*, 35 AD3d 166, 167-168 [1st Dept 2006], *affd* 9 NY3d 514 [2007]).

It is further noted that the record demonstrates that plaintiff failed to establish any cognizable injury, as he was unemployed when he accepted defendant's offer, and had no other job offers at the time (*see Hoeffner v Orrick, Herrington & Sutcliffe LLP*, 61 AD3d 614, 615 [1st Dept 2009]; *Alpert v Shea Gould Climenko & Casey*, 160 AD2d 67, 72 [1st Dept 1990]). To the extent that he argues that he suffered damage to his career and reputation, his claim is too speculative on these facts to be a cognizable injury (*see Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 143 [2017]).

Having properly dismissed the misrepresentation cause of action, the court also properly dismissed the demand for punitive damages. Nor was there any basis to award attorneys' fees. Concur—Friedman, J.P., Manzanet-Daniels, Kapnick, Kern and Singh, JJ.