Supply Co., LLC v Hardy Way, LLC (2024 NY Slip Op 00058)

Supply Co., LLC v Hardy Way, LLC

2024 NY Slip Op 00058

Decided on January 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2024

Before: Webber, J.P., Gesmer, Kennedy, Rosado, Michael, JJ. 

Index No. 652885/16 Appeal No. 1370-1371-1372-1373 Case No. 2022-03647, 2022-04137, 2022-05141, 2022-05297 

[*1]Supply Company, LLC, Plaintiff-Appellant,
v
Hardy Way, LLC, et al., Defendants-Respondents. 

Lazarus & Lazarus, P.C., New York (Harlan M. Lazarus of counsel), for appellant.
Blank Rome LLP, New York (Andrew T. Hambelton of counsel), for respondents.

Judgments, Supreme Court, New York County (Melissa Crane, J.), entered September 12, 2022 and November 14, 2022, awarding a money judgment in defendant Hardy Way, LLC's favor, dismissing plaintiff's complaint, and awarding Hardy attorneys' fees, and bringing up for review orders, same court and Justice, entered on or about August 10, 2022 and October 31, 2022, which granted defendants' motion for summary judgment dismissing plaintiff's complaint, granted Hardy summary judgment on its counterclaim for breach of contract, and granted in part Hardy's motion for attorneys' fees, unanimously affirmed, with costs. Appeals from aforesaid orders, unanimously dismissed, without costs, as subsumed in the appeals from the judgments.
The issue on appeal is narrow — namely, application of the special facts doctrine in connection with plaintiff's claim that it was fraudulently induced to enter into a license agreement with Hardy. Plaintiff meets the threshold two-prong test for the special facts doctrine: the criminal behavior of nonparties Neil Cole (the former chief executive officer of defendant Iconix Brand Group, Inc.) and Seth Horowitz (Iconix's former chief operating and financial officer) was peculiarly within defendants' knowledge, and plaintiff could not have discovered this information through the exercise of ordinary diligence (see Jana L. v West 129th St. Realty Corp., 22 AD3d 274, 278 [1st Dept 2005]; see also Solomon Capital, LLC v Lion Biotechnologies, Inc., 171 AD3d 467, 469 [1st Dept 2019]). However, plaintiff did not show that this was an essential fact, or that defendants' superior knowledge of this fact rendered the license agreement inherently unfair (see Jana L., 22 AD3d at 277).
In addition, plaintiff did not establish all the elements of fraudulent inducement of contract (see Frank Crystal & Co., Inc. v Dillmann, 84 AD3d 704, 704 [1st Dept 2011]). The deposition testimony of nonparty Kevin Yap, who signed the license agreement on plaintiff's behalf, shows that plaintiff was damaged because it entered into the license agreement with Hardy and at a minimum maintained a markup agreement with nonparty Rainbow Apparel Distribution Center Corp. His testimony further showed and that plaintiff entered into those contracts because Yap (1) placed orders with factories before he had agreements in place and (2) allegedly relied on an oral guarantee from Iconix that he would have zero losses. The portion of plaintiff's fraudulent inducement claim that relied on Iconix's alleged guarantee was previously dismissed on defendants'
CPLR 3211 motion, and plaintiff did not appeal that order.
We have considered plaintiff's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2024