Hardy Way, LLC v Yap (2024 NY Slip Op 00376)

Hardy Way, LLC v Yap

2024 NY Slip Op 00376

Decided on January 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2024

Before: Webber, J.P., Friedman, González, Shulman, Pitt-Burke, JJ. 

Index No. 653101/17 Appeal No. 1541-1545 Case No. 2022-03645, 2022-05042, 2022-05043, 2022-05234, 2022-05471 

[*1]Hardy Way, LLC, Plaintiff-Respondent,
v
Kevin Yap, Defendant-Appellant. 

Lazarus & Lazarus, P.C., New York (Harlan M. Lazarus of counsel), for appellant.
Blank Rome LLP, New York (Andrew Hambelton of counsel), for respondent.

Judgments, Supreme Court, New York County (Melissa Crane, J.), entered October 27, 2022 and November 15, 2022, awarding money judgments in plaintiff's favor, and bringing up for review an amended order and order, same court and Justice, entered October 25, 2022 and on or about October 31, 2022, respectively, which granted plaintiff summary judgment and dismissed defendant's counterclaim for fraudulent inducement, and granted in part plaintiff's motion for attorneys' fees, unanimously affirmed, with costs. Appeals from aforesaid orders, unanimously dismissed, without costs, as subsumed in the appeals from the judgments.
This appeal raises identical issues to those before us in a related action, Supply Co., LLC v Hardy Way, LLC ( AD3d , 2024 NY Slip Op 00058 [1st Dept2024]). We affirm the judgments against defendant Yap on this appeal for the same reason we affirmed the judgments against Yap's company, Supply Co. LLC, on the previous appeal. As in the first appeal, the issue presented is narrow — the application of the special facts doctrine in connection with defendant's claim that he was fraudulently induced to enter into a license agreement and guarantee with plaintiff. As we previously found, defendant fails to show that plaintiff's superior knowledge of unrelated alleged criminal conduct by plaintiff's former executives rendered the license agreement and the corresponding guarantee "inherently unfair" such that the special facts doctrine would apply (see Jana L. v West 129th St. Realty Corp., 22 AD3d 274, 278 [1st Dept 2005]; see also Solomon Capital, LLC v Lion Biotechnologies, Inc., 171 AD3d 467, 469 [1st Dept 2019]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2024