Unclaimed Prop. Recovery Serv., Inc. v Newman (2025 NY Slip Op 50558(U))

[*1]

Unclaimed Prop. Recovery Serv., Inc. v Newman

2025 NY Slip Op 50558(U)

Decided on April 21, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 21, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570092/25

Unclaimed Property Recovery Service, Inc., Plaintiff-Appellant, 
against
Eric H. Newman, Defendant-Respondent.

Plaintiff appeals from a judgment of the Small Claims Part of the Civil Court of the City of New York, New York County (Dana M. Catanzaro, J.), entered on March 27, 2024, after trial, in favor of defendant dismissing the action.

Per Curium.
Judgment (Dana M. Catanzaro, J.), entered on or about March 27, 2024, affirmed, without costs.
We sustain the dismissal of this small claims action, albeit for reasons different than those stated by Civil Court. The governing written agreement provided that plaintiff, an entity that facilitates the collection of unclaimed property, will receive a fee of 10% "when any funds are recovered... [and] unless a recovery is made, there will be no charge to owner." Since the trial court expressly found that the co-executor of the nonparty decedent, defendant Newman, "credibly testified" that the unclaimed funds were never recovered, the breach of contract claim fails as a matter of law (see Unclaimed Prop. Recovery Serv., Inc. v Chase Manhattan Bank, 25 AD3d 688, 689 [2006], lv denied 7 NY3d 713 [2006]).
The causes of action for breach of the implied covenant of good faith and fair dealing, unjust enrichment, and promissory estoppel are properly dismissed as "duplicative of the cause of action to recover damages for breach of contract" (id.; see also Unclaimed Prop. Recovery Serv. v UBS PaineWebber Inc., 58 AD3d 526, 526 [2019]; Hoeffner v Orrick, Herrington & Sutcliffe LLP, 61 AD3d 614, 615 [2009]), or because plaintiff offered no evidence to show that it took any action or refrained from taking any action in reliance of those promises (see Schroeder v Pinterest Inc., 133 AD3d 12 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 21, 2025