148

[610 NYS2d 412]

H. WAYNE JUDGE, Respondent, v BARTLETT, PONTIFF, STEWART & RHODES, P. C., as Successor to BARTLETT, PONTIFF, STEWART, RHODES & JUDGE, P. C., et al., Appellants.

Third Department, April 21, 1994

**APPEARANCES OF COUNSEL**

*DeGraff, Foy, Holt-Harris & Mealey,* Albany *(Carroll J. Mealey* of counsel), for appellants.

*FitzGerald, Morris, Baker & Firth,* Glens Falls *(Peter A. Firth* of counsel), for respondent.

## OPINION OF THE COURT

WEISS, J.

The employment agreement in effect on December 31, 1991 between plaintiff and defendant Bartlett, Pontiff, Stewart & Rhodes, P. C. (hereinafter defendant) included in clause 19, entitled "Termination Pay", a provision for payment of a benefit upon termination of employment, in addition to all other payments terms, to attorneys employed for at least 10 years. The termination benefit amounted to 4/7 of the death benefit to which the employee would have otherwise been entitled had he died on the date employment terminated. The agreement further provided that terminated employees could not engage in the practice of law within a 30-mile radius of any office of defendant for a period of five years and that, in the event the covenant not to compete was violated, the employee would forfeit 75% of all future payments of the termination benefits.

Following departure from defendant, plaintiff commenced practicing law in the City of Glens Falls, Warren County, where defendant had an office. Plaintiff is alleged to have performed legal services for over 100 clients of defendant on whose business he had worked while a member of that firm. Defendant notified plaintiff of its intention to exercise the forfeiture provisions of the termination benefit because of his noncompliance with the restriction. Plaintiff commenced this action seeking a declaration that the noncompetition and forfeiture provisions of clause 19 violate Code of Professional Responsibility DR 2-108 (A) (22 NYCRR 1200.13 [a]) and are null, void and unenforceable, and a further declaration that he is entitled to the full termination benefits of the agreement. Following joinder of issue, the parties cross-moved for summary judgment. Supreme Court granted plaintiff's motion holding the "forfeiture-for-competition" provision to be void and unenforceable. This appeal by defendants ensued.

DR 2-108 (A) provides: "A lawyer shall not be a party to or participate in a partnership or employment agreement with another lawyer that restricts the right of a lawyer to practice law after the termination of a relationship created by the agreement, except as a condition to payment of retirement benefits." Defendants claim that Supreme Court erred in concluding that the termination benefit is "earned but uncollected compensation", the forfeiture of which was expressly declared void by the Court of Appeals in *Cohen v Lord, Day &*

*Lord* (75 NY2d 95) as violative of DR 2-108 (A) and thus against public policy. Defendants seek to distinguish the *Cohen* case by contending that the termination benefits at issue in the instant case do not include "a share of the firm profits representing unpaid fees, and fees for services performed but not yet billed, at the time of departure" *(supra,* at 97). Defendants predicate the distinction upon the fact that the law firm in *Cohen* was a partnership in which a withdrawing partner has a vested right to full payment of a partnership share of the assets including a share in earned but uncollected revenues, whereas here defendant is a professional services corporation in which employees are governed solely by the contract of employment and have no right to fees, profits or assets of the corporation. We disagree and find that DR 2-108 (A) specifically addresses an employment agreement which "restricts the right of a lawyer to practice law after the termination of a relationship created by the agreement". We find similarly unpersuasive defendants' contention that the validity of the forfeiture-for-competition clause is preserved by the exception for retirement benefits contained in DR 2-108 (A). It is clear that this case deals with termination benefits, not retirement benefits, thereby dispelling defendants' arguments.

Of much greater significance, and we believe to be determinative of this appeal, is the decision in *Denburg v Parker Chapin Flattau & Klimpl* (82 NY2d 375, *modfg* 184 AD2d 343), decided just nine days after the briefs in the instant case had been filed. Holding that the "focus should essentially be not on the intent of [such a] clause but on its effect" *(supra,* at 381), the Court of Appeals concluded that the effect of such a clause "is to improperly deter competition and thus impinge upon clients' choice of counsel" *(supra,* at 381). The Court further held that where the principal function is to prevent withdrawing partners from competing with the firm, it is an improper forfeiture-for-competition provision.*

Because restrictions on the practice of law which impose financial disincentives against competition "are objectionable primarily because they [can] interfere with the client's choice of counsel" *(supra,* at 380), we find the subject clause 19 to clearly be within the proscription in DR 2-108 (A) and therefore void and unenforceable. We are not unmindful of defen-

---

* We decline, as did the Court of Appeals in *Cohen v Lord, Day & Lord (supra),* to differentiate the effect of a forfeiture-for-competition clause where the law firm involved is a partnership versus a professional corporation.

dants' arguments that because many of defendant's former clients allegedly are now or have been represented by plaintiff, the focus of the intent of DR 2-108 (A) has not been violated by clause 19 of the subject agreement. Nonetheless, the ultimate eventuality has not diminished the purpose of the rule or the invalidity of the clause.

We find that Supreme Court correctly granted summary judgment to plaintiff.

CARDONA, P. J., CREW III, CASEY and PETERS, JJ., concur.

Ordered that the order is affirmed, with costs.