■ 180 WATER STREET ASSOCIATES, L.P., Appellant, v LEHMAN BROTHERS HOLDINGS, INC., Respondent. [776 NYS2d 278]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered April 21, 2003, dismissing the complaint pursuant to an order, same court and Justice, entered April 7, 2003, which, in an action for breach of contract and fraud brought by the owner of a commercial building against a prospective tenant, granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously modified, on the law, to reinstate plaintiff's cause of action for breach of an agreement to negotiate a lease, and otherwise affirmed, without costs. Appeals from orders, same court and Justice, entered April 7 and November 26, 2003, unanimously dismissed, without costs.

The cause of action for breach of contract based on the subject letter signed by the parties was properly dismissed since the letter expressly disclaims any binding effect, and, in providing for a lease term of "approximately twenty years," is too vague to be enforced as a lease (*see Martin Delicatessen v Schumacher,* 52 NY2d 105, 109-110 [1981]; *Four Seasons Hotels v Vinnik,* 127 AD2d 310, 317-318 [1987]; *Carmon v Soleh Boneh Ltd.,* 206 AD2d 450, 450 [1994]). However, because the letter required the parties to negotiate in good faith and only with each other toward a final lease, and to do so on an exclusive basis, plaintiff's allegation that defendant was negotiating with other landlords from the beginning suffices to state a cause of action for breach of an agreement to negotiate (*see SNC, Ltd. v Kamine Eng'g & Mech. Contr. Co.,* 238 AD2d 146 [1997], citing, inter alia, *Goodstein Constr. Corp. v City of New York,* 67 NY2d 990 [1986], *affg* 111 AD2d 49, 52 [1985]; *see also Goodstein Constr. Corp. v City of New York,* 80 NY2d 366, 373 [1992]). The letter is sufficiently definite as to all material terms of a commercial lease except duration. However, the 20-year benchmark, while too vague to create a lease, does provide an adequate basis for determining whether the negotiations to which the parties had agreed were being conducted in good faith. As provided in the letter, negotiations were to continue as "long as the parties are negotiating in good faith to consummate the transaction." We note that plaintiff's measure of damages is out-of-pocket loss (*Goodstein,* 80 NY2d at 373). The fraud cause of action was properly dismissed in the absence of any allegations showing a misrepresentation collateral to defendant's obligation to negotiate in good faith (*see Krantz v Chateau Stores,* 256 AD2d 186 [1998]). It does not avail plaintiff to allege that defendant never intended to negotiate with plaintiff exclusively (*see New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 318 [1995]). Concur—Tom, J.P., Andrias, Saxe, Sullivan and Marlow, JJ.