■ SCOTT, STACKROW & COMPANY, C.P.A.'S, P.C., Appellant, v MARYANNE SKAVINA, Respondent. [780 NYS2d 675]—

Mercure, J.P. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered October 2, 2003 in Rensselaer County, which granted defendant's motion for summary judgment dismissing the complaint.

Defendant, an accountant, worked for John A. Yager, C.P.A. (hereinafter the Yager firm) from 1994 until 1998, when the firm was sold to plaintiff, an accounting firm located in the City of Troy, Rensselaer County. Defendant was thereafter employed as a staff accountant by plaintiff until September 2001, when

she commenced employment with another accounting firm in Latham, Albany County. Plaintiff required defendant to sign an employment agreement when she was hired and annually thereafter that contained a restrictive covenant in which defendant agreed not to solicit or perform accounting services for any of plaintiff's clients for a period of two years after the termination of her employment. Nevertheless, after she joined her new firm, defendant solicited and performed services for clients with whom she had worked while under plaintiff's or the Yager firm's employ. Plaintiff then commenced this action seeking a preliminary injunction, which was denied, and damages. Supreme Court granted defendant's motion for summary judgment dismissing the complaint, concluding that the restrictive covenant was overly broad. Plaintiff now appeals, asserting that Supreme Court should have partially enforced the agreement with respect to the class of clients that defendant served during her employment. We disagree.

An employee agreement not to compete will be enforced only if "it is reasonable in time and area, necessary to protect the employer's legitimate interests, not harmful to the general public and not unreasonably burdensome to the employee" (*Reed, Roberts Assoc. v Strauman*, 40 NY2d 303, 307 [1976]; *see Battenkill Veterinary Equine v Cangelosi*, 1 AD3d 856, 857 [2003]). Such agreements are justified by the employer's need to protect itself from unfair competition by former employees (*see BDO Seidman v Hirshberg*, 93 NY2d 382, 391 [1999]; *Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.*, 42 NY2d 496, 499 [1977]). Even where, as here, there is no showing that a former employee has obtained a competitive advantage through the misappropriation of confidential customer information or that the employee possessed unique or extraordinary abilities, the employer retains "a legitimate interest in preventing former employees from exploiting . . . the goodwill of a client or customer, which had been created and maintained at the employer's expense, to the employer's competitive detriment" (*BDO Seidman v Hirshberg, supra* at 392). Thus, under such circumstances, an anticompetitive covenant may prevent the competitive use of client relationships that the employer assisted the employee in developing through the employee's performance of services in the course of employment (*see id.* at 392; *see also Gelder Med. Group v Webber*, 41 NY2d 680, 685 [1977]). A covenant will be rejected as overly broad, however, if it seeks to bar the employee from soliciting or providing services to clients with whom the employee never acquired a relationship through his or her employment or if the covenant extends to personal clients recruited through the employee's independent efforts (*see BDO Seidman v Hirshberg, supra* at 393).

Plaintiff, a local accounting firm that purchased the client list of defendant's former employer, the Yager firm, contends that the restrictive covenant at issue was designed to protect this local customer base. Plaintiff argues persuasively that enforcement of the covenant would not impact the public nor be unduly burdensome to defendant given the numerous accounting firms providing such services in the Captial District and the two-year duration of the restriction. Plaintiff concedes that the agreement is overly broad insofar as it seeks to prevent defendant from soliciting or performing work for *any client* of the employer. We note, in addition, that the agreement contains no geographic limitations. Nevertheless, plaintiff urges this Court to partially enforce the agreement to protect its legitimate interest in preventing defendant's unfair use of client relationships that it and the Yager firm enabled her to acquire during the course of her employment (*see Malcolm Pirnie, Inc. v Werthman*, 280 AD2d 934, 935 [2001]; *Trans-Continental Credit & Collection Corp. v Foti*, 270 AD2d 250, 251 [2000]).

The determination of whether an overly broad restrictive covenant should be enforced to the extent necessary to protect an employer's legitimate interest involves "a case specific analysis, focusing on the conduct of the employer in imposing the terms of the agreement" (*BDO Seidman v Hirshberg, supra* at 394). Partial enforcement may be justified if an employer demonstrates, in addition to the legitimate business interest that plaintiff has shown here, "an absence of overreaching, coercive use of dominant bargaining power, or other anti-competitive misconduct" (*id.* at 394). Factors weighing against partial enforcement are the imposition of the covenant in connection with hiring or continued employment—as opposed to, for example, imposition in connection with a promotion to a position of responsibility and trust—the existence of coercion or a general plan of the employer to forestall competition, and the employer's knowledge that the covenant was overly broad (*see id.* at 395).

Application of the factors set forth in *BDO Seidman* militates against partial enforcement here. Plaintiff has not demonstrated, or even argued, an absence of anticompetitive misconduct on its part, asserting instead that because the restrictive covenant *can* be partially enforced, it should be. It is undisputed, however, that plaintiff, from a superior bargaining position, required defendant to sign the employment agreement upon hiring her and thereafter as a condition of continued employment as a staff accountant. There has been no showing that, in exchange for her signing the agreement, defendant enjoyed a fi-

duciary relationship, a position of increased responsibility within the firm or any other significant benefit beyond continued employment. Moreover, plaintiff continued to require defendant to sign the agreement after the issuance of *BDO Seidman,* which deemed unreasonable a similar anticompetition agreement prohibiting the solicitation of an accounting firm's entire client base and served as notice to plaintiff that the agreement at issue here was also overly broad. Accordingly, we cannot say that Supreme Court erred in declining to partially enforce the employment agreement or in granting defendant's motion for summary judgment dismissing the complaint.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.