■ SCALISE INDUSTRIES, INC., Appellant, v JEFFERY J. MURDOCK, Individually and Doing Business as NORTHERN PROPELLERS, Respondent. (Appeal No. 2.) [801 NYS2d 185]—

Appeal from a judgment of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered January 20, 2005. The judgment dismissed the amended complaint.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: We conclude that Supreme Court properly granted defendant's motion. Contrary to plaintiff's contention on appeal, the court did not err in treating defendant's motion as one for summary judgment dismissing the amended complaint. Although defendant initially sought dismissal of the amended complaint for failure to state a cause of action, the record establishes that "the parties charted a summary judgment course," and thus we conclude that the court in effect properly treated defendant's motion as one for summary judgment dismissing the amended complaint (*Clark v State of New York* [appeal No. 2], 302 AD2d 942, 944 [2003]). Defendant established as a matter of law that the "Employee Non-Compete Agreement" upon which plaintiff relies is unreasonable with respect to its temporal and geographic terms (see generally *Judge v Bartlett, Pontiff, Stewart & Rhodes*, 197 AD2d 148 [1994], *lv denied* 84 NY2d 803 [1994]). In addition, defendant established as a matter of law that plaintiff has no legitimate interest with respect to the alleged misappropriation of any trade secrets or confidential customer lists, nor does plaintiff require "protection from competition by a former employee whose services are unique or extraordinary" (*BDO Seidman v Hirshberg*, 93 NY2d 382, 389 [1999]). Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Lawton, JJ.