# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

463

CA 13-01375

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

VITAL CRANE SERVICES, INC.,
PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

JAMES MICUCCI AND POLLOCK RESEARCH &
DESIGN, INC., DOING BUSINESS AS SIMMERS
CRANE & DESIGN SERVICES, CO.,
DEFENDANTS-RESPONDENTS.

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA, LLC, BUFFALO (RYAN A. LEMA OF COUNSEL), AND MATTHEW P. PYNN, LOCKPORT, FOR PLAINTIFF-APPELLANT.

NIXON PEABODY LLP, BUFFALO (BENJAMIN R. DWYER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered April 16, 2013. The order, among other things, granted in part defendants' motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion seeking summary judgment dismissing the first cause of action in the amended complaint with respect to 23 of the 47 "at issue" customers and reinstating that cause of action to that extent, and as modified the order is affirmed without costs in accordance with the following Memorandum: Plaintiff and defendant Pollock Research & Design, Inc., doing business as Simmers Crane & Design Services, Co. (Simmers Crane), are in the business of inspecting, servicing and installing overhead cranes. During his employment by plaintiff as a salesman and service technician, defendant James Micucci signed an "Employee Agreement Not to Compete" (Agreement). Micucci agreed, among other things, not to engage in a business similar to, or in competition with, plaintiff's business for a period of two years from the date of termination of his employment with plaintiff, within a 400-mile radius of plaintiff's office or Micucci's home address. Shortly after signing the Agreement, Micucci left plaintiff's employ and began working for Simmers Crane, whereupon plaintiff commenced the instant action. Defendants thereafter moved for summary judgment dismissing the amended complaint.

We conclude that Supreme Court properly granted those parts of the motion concerning the fifth cause of action, alleging that Micucci

breached the Agreement, and the second cause of action, alleging that Simmers Crane tortiously interfered with Micucci's performance of the Agreement.  Defendants established that the nonsolicitation provisions in the Agreement are overbroad to the extent that they "seek to bar [Micucci] from soliciting or providing services to [customers] with whom [Micucci] never acquired a relationship through his . . . employment" with plaintiff, or from soliciting customers with whom plaintiff never had an established relationship (*Scott, Stackrow & Co., C.P.A.'s, P.C. v Skavina*, 9 AD3d 805, 806, *lv denied* 3 NY3d 612; *see Zinter Handling, Inc. v Britton*, 46 AD3d 998, 1001).  Defendants further established that the Agreement is unreasonable with respect to its geographic terms (*see Scalise Indus., Inc. v Murdock*, 21 AD3d 1346, 1346).  Defendants thus met their burden of establishing as a matter of law that the Agreement is invalid and unenforceable, and plaintiff failed to raise a triable issue of fact (*see generally Carducci v Bensimon*, 115 AD3d 694, 695).  In view of the undisputed evidence that the Agreement was presented to Micucci as a condition of his continued employment with plaintiff, the court properly concluded that partial enforcement of the Agreement is not warranted (*see Scott, Stackrow & Co., C.P.A.'s, P.C.*, 9 AD3d at 807).

The court also properly granted that part of the motion concerning the third cause of action, alleging conversion of plaintiff's files, inasmuch as defendants established that there was no evidence of specific, identifiable files that were taken from plaintiff (*see National Ctr. for Crisis Mgt., Inc. v Lerner*, 91 AD3d 920, 920-921).

We agree with plaintiff, however, that the court erred in granting in its entirety that part of the motion concerning the first cause of action, alleging defendants' tortious interference with plaintiff's prospective contractual relations.  During discovery, plaintiff identified 47 companies and governmental entities that are "at issue customers" in this action, i.e., prospective customers whom plaintiff allegedly lost as the result of defendants' tortious conduct.  We conclude that defendants met their burden of establishing as a matter of law that they did not cause injury to plaintiff's alleged business relationships with 24 of those "at issue customers" (*see North State Autobahn, Inc. v Progressive Ins. Group Co.*, 102 AD3d 5, 21).  Triable issues of fact remain, however, with respect to defendants' alleged use of wrongful means to interfere with plaintiff's prospective contractual relations with the remaining 23 "at issue customers" (*see Out of Box Promotions, LLC v Koschitzki*, 55 AD3d 575, 577), i.e., 174th Fighter Wing, Agri-Mark, Alliance Precision Plastics, American Packaging Corporation, Batavia City Maintenance Bureau, Batavia City Waste Water, Cargill Salt, City of Geneva, Crest Haven Pre Cast, Fairbanks Scale, Graphic Controls LLC, Jamestown Advanced Products, LCI Industrial (Rocon), Litelab Corp., North Lawrence Dairy (Breyers), NYS DOT Hornell, NYS DOT Warsaw, Pro-Lift (a.k.a. Clarklift of Buffalo), Sentry Safe (a.k.a. Sentry Group), U.S. Salt LLC, Village of Penn Yan (a.k.a. Penn Yan Municipal Utilities), Waste Management at High Acres, and Watkins Glen Waste Water.  We therefore modify the order by denying that part of defendants' motion seeking summary judgment dismissing the first cause

of action insofar as plaintiff alleges defendants' tortious interference with plaintiff's prospective contractual relations with those 23 "at issue" customers.

Entered:  June 20, 2014                    Frances E. Cafarell
                                           Clerk of the Court