# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1267**
**CA 15-00185**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

ARTHUR GERBER, DOING BUSINESS AS NOOTEN SCALE
SERVICE, PLAINTIFF-APPELLANT,

V                                             MEMORANDUM AND ORDER

EMPIRE SCALE, DOING BUSINESS AS PRECISION
SCALE & BALANCE, DEFENDANT-RESPONDENT.

---

ANGELO T. CALLERI, P.C., ROCHESTER (ANGELO T. CALLERI OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

HARTER SECREST & EMERY LLP, ROCHESTER (CANDACE M. CURRAN ESPINOSA OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered April 2, 2014. The order and judgment denied plaintiff's motion to compel discovery and granted the cross motion of defendant for summary judgment dismissing the complaint and for attorney's fees.

It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order and judgment that denied his motion to compel discovery and granted the cross motion of defendant for summary judgment dismissing the complaint and for attorneys' fees. We affirm.

Contrary to plaintiff's contention, Supreme Court properly denied his motion to compel discovery because plaintiff offered mere speculation that facts essential to opposing defendant's cross motion for summary judgment were in defendant's "exclusive knowledge and possession and could be obtained by discovery" (*Resetarits Constr. Corp. v Elizabeth Pierce Olmsted, M.D. Ctr. for the Visually Impaired* [appeal No. 2], 118 AD3d at 1456 [internal quotation marks omitted]; *see Eagen v Harlequin Books*, 229 AD2d 935, 936).

Contrary to plaintiff's further contention, defendant met its initial burden of establishing its entitlement to summary judgment dismissing plaintiff's first cause of action alleging a breach of the parties' nondisclosure agreement. Defendant tendered evidentiary proof in admissible form that it did not breach the agreement (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562), a necessary element of a breach of contract cause of action (*see Resetarits*

*Constr. Corp.*, 118 AD3d at 1455).  Although the affidavits submitted by defendant contained some hearsay statements (*see generally People v Johnson*, 79 AD3d 1264, 1266-1267, *lv denied* 16 NY3d 832), defendant established through nonhearsay evidence that it did not use plaintiff's confidential information to solicit plaintiff's customers in violation of the nondisclosure agreement.  In opposition to defendant's motion, plaintiff failed to establish the existence of a material triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

We further conclude that defendant was entitled to summary judgment dismissing plaintiff's second cause of action alleging defendant's failure to negotiate in good faith.  Although the nondisclosure agreement provided that defendant "desire[d] to participate in discussions regarding the purchase of" plaintiff's business, it is clear from the language of the agreement that neither party was obligated to continue negotiating to the completion of such a transaction (*see Goodstein Constr. Corp. v City of New York*, 80 NY2d 366, 373; *see generally 180 Water St. Assoc. v Lehman Bros. Holdings*, 7 AD3d 316, 317).

With respect to plaintiff's third cause of action, for fraud, "[i]t is axiomatic that a cause of action for fraud does not arise where . . . the fraud alleged relates to a breach of contract" (*Egan v New York Care Plus Ins. Co.*, 277 AD2d 652, 653; *see Genovese v State Farm Mut. Auto. Ins. Co.*, 106 AD3d 866, 867), and "[a] fraud claim is not sufficiently stated where it alleges that a defendant did not intend to perform a contract with a plaintiff when he made it" (*Gordon v Dino De Laurentiis Corp.*, 141 AD2d 435, 436).  Here, plaintiff's cause of action for fraud is based upon allegations that defendant made false representations that it was interested in purchasing plaintiff's business in order to gain plaintiff's confidential information.  Thus, that cause of action fails because "the supporting allegations do not concern representations which are collateral or extraneous to the terms of the parties' agreement" (*Genovese*, 106 AD3d at 867 [internal quotation marks omitted]).

Finally, we note that the parties' agreement specifically provides for an award of attorneys' fees and expenses to the prevailing party "in the event of litigation relating to [the] [a]greement."  Plaintiff failed to preserve for our review his contention that the court erred in awarding attorneys' fees and expenses to defendant without first conducting a hearing inasmuch as plaintiff failed to request such a hearing (*see Thompson v McQueeney*, 56 AD3d 1254, 1259; *see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court