Brown & Brown, Inc. v Johnson (2018 NY Slip Op 00728)





Brown & Brown, Inc. v Johnson


2018 NY Slip Op 00728


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, DEJOSEPH, AND NEMOYER, JJ.


1348 CA 17-00082

[*1]BROWN & BROWN, INC., AND BROWN & BROWN OF NEW YORK, INC., PLAINTIFFS-APPELLANTS-RESPONDENTS,
v
THERESA A. JOHNSON AND LAWLEY BENEFITS GROUP, LLC, DEFENDANTS-RESPONDENTS-APPELLANTS. 






SATTERLEE STEPHENS LLP, NEW YORK CITY (THOMAS J. CAHILL OF COUNSEL), AND LITTLER MENDELSON P.C., FOR PLAINTIFFS-APPELLANTS-RESPONDENTS.
PHILLIPS LYTLE LLP, BUFFALO (PRESTON L. ZARLOCK OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered August 25, 2016. The order, among other things, denied partial enforcement of the non-solicitation covenant contained in an employment agreement between defendant Theresa A. Johnson and plaintiffs. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting plaintiffs' motion and dismissing the counterclaims of each defendant, and granting defendants' motion insofar as it sought summary judgment and dismissing the complaint in its entirety, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action against their former employee, defendant Theresa A. Johnson, and plaintiffs' competitor, defendant Lawley Benefits Group, LLC (Lawley), seeking damages that plaintiffs allegedly sustained after they terminated Johnson from her position and she was thereafter hired by Lawley. The first cause of action, against Johnson only, alleged breach of the employment agreement (agreement) between plaintiffs and Johnson, which consisted of breaches of the agreement's non-solicitation, confidentiality and non-inducement covenants. The second cause of action, also against Johnson only, alleged misappropriation of confidential and proprietary information. The third cause of action, against both defendants, alleged tortious interference with plaintiffs' prospective and existing business relations, and the fourth cause of action, against Lawley only, alleged tortious interference with the agreement. In her amended answer, Johnson asserted counterclaims alleging defamation and tortious interference with prospective business relations. Lawley, in its amended answer, also asserted a counterclaim alleging tortious interference with prospective business relations.
On a prior appeal we reviewed an order of Supreme Court (Michalek, J.) that, inter alia, denied that part of defendants' motion seeking summary judgment dismissing the first cause of action insofar as it alleged breach of the non-solicitation covenant in the agreement. We modified the order by, inter alia, granting that part of the motion (Brown & Brown, Inc. v Johnson, 115 AD3d 162 [4th Dept 2014]). We thereafter granted plaintiffs' motion for leave to appeal to the Court of Appeals (117 AD3d 1506 [4th Dept 2014]), and certified a question, and the Court of Appeals reviewed that part of our order dismissing the first cause of action insofar as it alleged breach of the non-solicitation covenant.
As relevant to this appeal, the Court of Appeals reversed this Court's order, insofar as appealed from, and reinstated the claim based upon the non-solicitation covenant (Brown & Brown, Inc. v Johnson, 25 NY3d 364 [2015]). The Court "conclude[d] that factual issues exist which prevent[ed it] from determining whether partial enforcement of the agreement's non-solicitation provision is appropriate," and it remitted for further proceedings (id. at 367).
Upon remittal, Supreme Court (Walker, A.J.) conducted a bench trial limited to the issue whether the non-solicitation covenant should be partially enforced. Plaintiffs appeal and defendants cross-appeal from an order that, inter alia, determined that partial enforcement of the non-solicitation covenant was not warranted, denied plaintiffs' motion for summary judgment dismissing the counterclaims of each defendant, and denied defendants' second motion insofar as it sought summary judgment dismissing the claims that survived following the bench trial.
Contrary to plaintiffs' contention on appeal, we conclude that the evidence at trial supports the court's determination that partial enforcement of the non-solicitation covenant was not warranted. Plaintiffs had the burden of demonstrating that, in imposing the terms of the non-solicitation covenant, they did not engage in "overreaching, coercive use of dominant bargaining power, or other anti-competitive misconduct, but ha[d] in good faith sought to protect a legitimate interest" (BDO Seidman v Hirshberg, 93 NY2d 382, 394 [1999]), and they did not meet that burden. The evidence established that the non-solicitation covenant was imposed as a condition of Johnson's employment, after she had left her former employer and her position there had been filled, which belies plaintiffs' contention that Johnson's bargaining position was equal or superior to theirs (see Scott, Stackrow & Co., C.P.A.'s, P.C. v Skavina, 9 AD3d 805, 807 [3d Dept 2004], lv denied 3 NY3d 612 [2004]). In addition, plaintiffs required all employees, regardless of position, to sign an agreement containing a non-solicitation covenant as a condition of employment, which undercuts plaintiffs' contention that the covenant was necessary to protect their legitimate business interests (see id.). Finally, the fact that the agreement provides for partial enforcement of the non-solicitation covenant, which is clearly over-broad under New York law, casts doubt on plaintiffs' good faith in imposing the covenant on Johnson (see Brown & Brown, Inc., 115 AD3d at 172).
We agree with plaintiffs, however, that the court erred in denying their motion seeking summary judgment dismissing the counterclaims asserted by Johnson and Lawley, and we modify the order accordingly. With respect to Johnson's counterclaim for defamation, plaintiffs met their burden of establishing as a matter of law that the statements made in their attorney's cease and desist letter were "pertinent to a good faith anticipated litigation" and thus privileged (Front, Inc. v Khalil, 24 NY3d 713, 720 [2015], rearg denied 25 NY3d 1036 [2015]). Johnson failed to raise a triable issue of fact with respect to the letter. Plaintiffs also met their burden of establishing as a matter of law that Johnson's supervisor did not make the other alleged defamatory statements, and the double hearsay accounts of the statements submitted by Johnson were insufficient to raise a triable issue of fact (see Scaccia v Dolch, 231 AD2d 885, 885 [4th Dept 1996]). Inasmuch as the counterclaims of Johnson and Lawley alleging tortious interference with prospective business relations are premised upon the alleged defamatory statements, those counterclaims should also have been dismissed (see generally Carvel Corp. v Noonan, 3 NY3d 182, 190 [2004]).
With respect to the cross appeal, we conclude that the court also erred in denying defendants' motion insofar as it sought summary judgment dismissing plaintiffs' claims that survived following the bench trial, and we further modify the order accordingly. With respect to that part of the first cause of action alleging breach of the confidentiality covenant and the second cause of action, alleging misappropriation of confidential and proprietary information, defendants met their burden of establishing as a matter law that the information at issue was neither confidential, nor did it constitute trade secrets, because it was readily ascertainable from sources outside plaintiffs' business (see Riedman Corp. v Gallager, 48 AD3d 1188, 1189 [4th Dept 2008]; Savannah Bank v Savings Bank of Fingerlakes, 261 AD2d 917, 918 [4th Dept 1999]). In response, plaintiffs failed to raise a triable issue of fact.
That part of the first cause of action alleging that Johnson breached the non-inducement covenant should also have been dismissed because defendants submitted evidence establishing as a matter of law that Johnson did not solicit or encourage any of plaintiffs' employees to leave plaintiffs' employ following her termination, and plaintiffs failed to raise a triable issue of fact (see Gerber v Empire Scale, 147 AD3d 1434, 1435 [4th Dept 2017]). Defendants also met their burden of establishing that the tortious interference with prospective and existing business relations cause of action has no merit inasmuch as defendants established as a matter of law that they had not "engaged in wrongful or unlawful means to secure a competitive advantage over plaintiffs, or . . . acted for the sole purpose of inflicting intentional harm on plaintiffs" (NBT Bancorp v Fleet/Norstar Fin. Group, 215 AD2d 990, 990 [3d Dept 1995], affd 87 NY2d 614 [*2][1996]). In response, plaintiffs failed to raise a triable issue of fact. Finally, the cause of action alleging tortious interference with contract against Lawley should have been dismissed inasmuch as that cause of action is premised on Johnson's alleged breaches of the agreement, and there were no such breaches.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court