This opinion is uncorrected and subject to revision before
publication in the New York Reports.
---------------------------------------------------------------

No. 92
Brown & Brown, Inc., et al.,
          Appellants,
        v.
Theresa A. Johnson, et al.,
          Respondents.
(AD No. CA 13-00340)

          Alun W. Griffiths, for appellants.
          Preston L. Zarlock, for respondents.

STEIN, J.:

        On this appeal, we hold that applying Florida law on

restrictive covenants related to the non-solicitation of

customers by a former employee would violate the public policy of

this state.  Therefore, the choice-of-law provision in the

parties' employment agreement purporting to apply Florida law is

- 1 -

unenforceable as to the non-solicitation provision of that agreement.  Applying New York law, we also conclude that factual issues exist which prevent us from determining whether partial enforcement of the agreement's non-solicitation provision is appropriate.  Hence, we remit for further proceedings.

I.

Plaintiffs are insurance intermediaries.  Plaintiff Brown & Brown, Inc. (BBI) is a Florida corporation.  Its New York subsidiary, plaintiff Brown & Brown of New York, Inc. (BBNY), is licensed to handle insurance in New York.  BBNY recruited defendant Theresa A. Johnson to leave her former job at Blue Cross/Blue Shield -- where she was employed as an underwriter and actuary for over 20 years -- to work for BBNY.

On Johnson's first day, BBNY's employee gave her documents that included an employment agreement with a restrictive covenant.  As relevant here, the agreement contained a Florida choice-of-law provision and a non-solicitation provision.  The non-solicitation provision precluded Johnson, for two years following her termination of employment, from directly or indirectly soliciting, accepting or servicing any person or entity "that is a customer or account of the New York offices of [BBI and BBNY] during the term of this Agreement," as well as certain prospective customers.  In the discussions that took place before Johnson was hired, this agreement was never mentioned.  While it is undisputed that Johnson and a

representative of BBNY signed the agreement that first day, the parties dispute what occurred at the time of the signing.

After working solely in New York for several years, Johnson was terminated.  Less than one month later, Johnson began working for defendant Lawley Benefits Group, LLC, a competitor of BBNY; her work with Lawley involved providing services to some of plaintiffs' former customers.  Plaintiffs commenced this action to enjoin alleged violations of the agreement by Johnson and to recover damages against both Johnson and Lawley.  The complaint alleged, among other things, that Johnson breached the employment agreement by soliciting plaintiffs' customers.  Defendants answered the complaint and, within 10 weeks of commencement of the action and after only limited discovery, moved for summary judgment dismissing the complaint.

Supreme Court partially granted defendants' motion for summary judgment, but did not dismiss the portion of the breach of contract cause of action against Johnson alleging that she violated the non-solicitation provision by using client relationships that she initially developed while working for plaintiffs.  In doing so, the court found the choice-of-law provision in Johnson's employment agreement to be unenforceable.

On the parties' cross appeals, the Appellate Division modified Supreme Court's order by, among other things, dismissing in its entirety the portion of the breach of contract cause of action based on the non-solicitation provision (115 AD3d 162 [4th

Dept 2014]).  The Court held that the Florida choice-of-law provision was unenforceable as against public policy, and that the non-solicitation provision was overbroad and unenforceable. The Appellate Division granted plaintiffs' motion for leave to appeal, certified a question, and denied defendants' cross motion for leave.

II.

The employment agreement's choice-of-law provision states that any disputes will be governed by Florida law.  While parties are generally free to reach agreements on whatever terms they prefer, courts will not "enforce agreements . . . where the chosen law violates 'some fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common weal'" (Welsbach Elec. Corp. v MasTec N. Am., Inc., 7 NY3d 624, 629 [2006] [footnote omitted], quoting Cooney v Osgood Mach., 81 NY2d 66, 78 [1993]).  This public policy exception is reserved "for those foreign laws that are truly obnoxious" (Cooney, 81 NY2d at 79; see Welsbach Elec. Corp., 7 NY3d at 629).  The party seeking to invoke the exception bears a "'heavy burden' of proving that application of [the chosen] law would be offensive to a fundamental public policy of this State" (Welsbach Elec. Corp., 7 NY3d at 632; see Cooney, 81 NY2d at 80; Matter of Frankel v Citicorp Ins. Servs., Inc., 80 AD3d 280, 286 [2nd Dept 2010]).

Here, to determine whether the public policy exception

renders unenforceable the employment agreement's choice of Florida law, we must compare the Florida statute concerning restrictive covenants in employment agreements to New York law on that subject. The law of the two states is similar to the extent that they both require restrictive covenants to be reasonably limited in time, scope and geographical area, and to be grounded in a legitimate business purpose (see Fla Stat § 542.335 [1]; Reed, Roberts Assoc. v Strauman, 40 NY2d 303, 307 [1976]). However, several aspects of the Florida statute differ significantly from New York law.

Specifically, Florida law requires a party seeking to enforce a restrictive covenant only to make a prima facie showing that the restraint is necessary to protect a legitimate business interest, at which point the burden shifts to the other party to show that the restraint is overbroad or unnecessary (see Fla Stat § 542.335 [1] [c]). If the latter showing is made, the court is required to "modify the restraint and grant only the relief reasonably necessary to protect" the employer's legitimate business interests (Fla Stat § 542.335 [1] [c]). In contrast to this focus solely on the employer's business interests, under New York's three-prong test, "[a] restraint is reasonable only if it: (1) is no greater than is required for the protection of the legitimate interest of the employer, (2) does not impose undue hardship on the employee, and (3) is not injurious to the public. A violation of any prong renders the covenant invalid" (BDO

Seidman v Hirshberg, 93 NY2d 382, 388-389 [1999] [internal

citations omitted]; see Natural Organics, Inc. v Kirkendall, 52

AD3d 488, 489 [2nd Dept 2008], lv denied 11 NY3d 707 [2008]; D&W

Diesel v McIntosh, 307 AD2d 750, 750-751 [4th Dept 2003]).

Whereas Florida shifts the burden of proof after the employer

demonstrates its business interests (see Fla Stat § 542.335 [1]

[c]), New York requires the employer to prove all three prongs of

its test before the burden shifts (see BDO Seidman, 93 NY2d at

388-389; see also Natural Organics, Inc., 52 AD3d at 489).

Further, Florida law explicitly prohibits courts from considering

the harm or hardship to the former employee (see Fla Stat §

542.335 [1] [g] [1]).  This directly conflicts with New York's

requirement that courts consider, as one of three mandatory

factors, whether the restraint "impose[s] undue hardship on the

employee" (BDO Seidman, 93 NY2d at 388-389).

Additionally, under Florida law, courts are required to

construe restrictive covenants in favor of protecting the

employer's interests, and may not use any rules of contract

interpretation that would require the construction of a

restrictive covenant narrowly or against the restraint or drafter

(see Fla Stat § 542.335 [1] [h]).  In contrast, New York law

provides that "[c]ovenants not to compete should be strictly

construed because of the 'powerful considerations of public

policy which militate against sanctioning the loss of a

[person's] livelihood'" (Gramercy Park Animal Ctr. v Novick, 41

NY2d 874, 874 [1977], quoting Purchasing Assoc. v Weitz, 13 NY2d
267, 272 [1963] [citations omitted]; see BDO Seidman, 93 NY2d at
389; Reed, Roberts Assoc., 40 NY2d at 307 [noting "stricter
standard of reasonableness" in this area, and "judicial disfavor
of these covenants"]; Goodman v New York Oncology Hematology,
P.C., 101 AD3d 1524, 1526 [3rd Dept 2012]).

Considering Florida's nearly-exclusive focus on the
employer's interests, prohibition against narrowly construing
restrictive covenants, and refusal to consider the harm to the
employee -- in contrast with New York's requirements that courts
strictly construe restrictive covenants and balance the interests
of the employer, employee and general public -- defendants met
their "'heavy burden' of proving that application of Florida law
[to the non-solicitation provision of the parties' agreement]
would be offensive to a fundamental public policy of this State"
(Welsbach Elec. Corp., 7 NY3d at 632; see Cooney, 81 NY2d at 80).
Accordingly, the employment agreement's choice-of-law provision
is unenforceable in relation to the non-solicitation provision,
and New York law governs plaintiffs' claim based on Johnson's
alleged breach thereof.

                              III.

We turn next to the question of whether the non-
solicitation provision should be partially enforced.  Under New
York law, the restrictive covenant was overbroad to the extent
that it prohibited Johnson from working with any of plaintiffs'

New York customers, even those Johnson had never met, did not
know about and for whom she had done no work (see BDO Seidman, 93
NY2d at 392-393; Vital Crane Servs., Inc. v Micucci, 118 AD3d
1404, 1405 [4th Dept 2014]; Weiser LLP v Coopersmith, 74 AD3d
465, 467-468 [1st Dept 2010]; Scott, Stackrow & Co., C.P.A.'s,
P.C. v Skavina, 9 AD3d 805, 806-807 [3rd Dept 2004], lv denied 3
NY3d 612 [2004]).  In light of this overbreadth, plaintiffs argue
that the Appellate Division should have partially enforced the
covenant, limiting the non-solicitation provision to prohibit
Johnson only from soliciting any of plaintiffs' customers with
whom she interacted or whose files she had encountered while in
plaintiffs' employ.  This Court has "expressly recognized and
applied the judicial power to sever and grant partial enforcement
for an overbroad employee restrictive covenant" (BDO Seidman, 93
NY2d at 394, citing Karpinski v Ingrasci, 28 NY2d 45, 51-52
[1971]; see Trans-Continental Credit & Collection Corp. v Foti,
270 AD2d 250, 251 [2nd Dept 2000]).  Where

> "the unenforceable portion is not an
> essential part of the agreed exchange, a
> court should conduct a case specific
> analysis, focusing on the conduct of the
> employer in imposing the terms of the
> agreement.  Under this approach, if the
> employer demonstrates an absence of
> overreaching, coercive use of dominant
> bargaining power, or other anti-competitive
> misconduct, but has in good faith sought to
> protect a legitimate business interest,
> consistent with reasonable standards of fair
> dealing, partial enforcement may be
> justified" (BDO Seidman, 93 NY2d at 394
> [internal citation omitted]).

Here, although the covenant was imposed as a requirement of Johnson's initial employment and was not presented to her until her first day of work, the parties dispute whether she understood the agreement, whether plaintiffs' employee discussed or explained it to her, what such a discussion entailed, whether she was required to sign it that day, or if she could have sought advice from counsel and negotiated the terms of the agreement (see Vital Crane Servs., Inc., 118 AD3d at 1405; Scott, Stackrow & Co., C.P.A.'s, P.C., 9 AD3d at 807-808; compare BDO Seidman, 93 NY2d at 395). The parties' conflicting affidavits and limited disclosure responses, together with the fact that Johnson had already left her prior employment -- which could have caused her to feel pressure to sign the agreement rather than risk being unemployed -- raise questions about whether plaintiffs engaged in overreaching or used coercive dominant bargaining power to obtain the restrictive covenant. Thus, on this record and at this early stage of the action when little discovery has taken place, dismissal of the portion of the breach of contract claim based on the non-solicitation provision in the employment agreement is inappropriate. Therefore, the Appellate Division order, insofar as appealed from, should be reversed, with costs, defendants' motion for summary judgment, insofar as it sought to dismiss that portion of the first cause of action for breach of the non-solicitation provision of the employment agreement, denied and certified question answered in

the negative.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order, insofar as appealed from, reversed, with costs, defendants' motion for summary judgment, insofar as it sought to dismiss that portion of the first cause of action in the complaint for breach of the non-solicitation provision in the parties' employment agreement, denied and certified question answered in the negative.  Opinion by Judge Stein.  Chief Judge Lippman and Judges Read, Pigott and Abdus-Salaam concur.  Judges Rivera and Fahey took no part.


Decided June 11, 2015