Banner Industries of N.E., Inc. v. Wicks

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY  ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25ᵗʰ  day of January, two thousand sixteen.

Present:      ROSEMARY S. POOLER,
              PETER W. HALL,
              SUSAN L. CARNEY,
                    *Circuit Judges*.

─────────────────────────────────────────────────────

BANNER INDUSTRIES OF N.E., INC.,

                    *Plaintiff-Appellant*,

          v.                                            14-4647-cv

KENNETH L. WICKS, HARRINGTON INDUSTRIAL PLASTICS LLC,

                    *Defendants-Appellees*.

─────────────────────────────────────────────────────

Appearing for Appellant:      Seth H. Hochbaum, Regnante, Sterio & Osborne LLP, Wakefield, MA.

Appearing for Appellees:      Andrew Marks, Littler Mendelson, P.C. (Stephen T. Melnick, *on the brief*), New York, NY.

Appeal from the United States District Court for the Northern District of New York (Mordue, *J.*).

          **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Banner Industries of N.E., Inc. appeals from the December 1, 2014 memorandum-decision and order of the United States District Court for the Northern District of New York (Mordue, *J.*) granting the motion for summary judgment made by Kenneth L. Wicks and Harrington Industrial Plastics, LLC. *Banner Industries of N.E., Inc. v. Wicks*, 71 F. Supp. 3d 284 (N.D.N.Y. 2014). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We affirm for the reasons set forth in the district court's thorough and well-reasoned opinion.   In order for a party to succeed on a claim for misappropriation of trade secrets, the party must show "(1) that it possessed a trade secret and (2) that the defendants used that trade secret in breach of an agreement, [a] confidential relationship or duty, or as a result of discovery by improper means." *N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 43–44 (2d Cir. 1999) (citing *Hudson Hotels Corp. v. Choice Hotels Int'l*, 995 F.2d 1173, 1176 (2d Cir. 1993) (abrogated on other grounds )). Banner argues that the record contains sufficient circumstantial evidence from which a fact finder can infer that Wicks misappropriated Banner's confidential information. The district court properly determined that Banner failed to raise a question of material fact on this issue.  The fact that Wicks had information belonging to Banner does not give rise to an inference that Wicks misappropriated the information, because even assuming Wicks possessed Banner's trade secrets, nothing in the record supports an inference that Wicks used those trade secrets.

Further, the district court properly declined to enforce the restrictive covenant as overbroad. As a general rule, "New York courts disfavor restrictive covenants in the employment context and will generally enforce them only to the extent they are reasonable and necessary to protect valid business interests." *Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 254 (2d Cir. 2002).   (citing *BDO Seidman v. Hirshberg*, 93 N.Y.2d 382, 388 (1999)). New York "require[s] restrictive covenants to be reasonably limited in time, scope and geographical area, and to be grounded in a legitimate business purpose." *Brown & Brown, Inc. v. Johnson*, 25 N.Y.3d 364, 369 (2015).  We find no error with the district court's analysis.

We have considered the remainder of Banner's arguments and find them to be without merit.  Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2