16-2716-cv
CMGRP, Inc. v. Agency for the Performing Arts, Inc., et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 26th day of April, two thousand seventeen.

Present:  ROSEMARY S. POOLER,
          RICHARD C. WESLEY,
          SUSAN L. CARNEY,
                    *Circuit Judges.*

_____

CMGRP, INC.,

                    *Plaintiff-Appellee*,

          v.                                                    16-2716-cv

AGENCY FOR THE PERFORMING ARTS, INC.,
MAGGIE GALLANT, SHEILA MUNGUIA, JENNA HUDSON,

                    *Defendants-Appellants*.

_____

Appearing for Appellants:    Robert E. Rigrish, Bodker, Ramsey, Andrews, Winograd &
                             Wildstein, P.C., Atlanta, GA.

Appearing for Appellee:      Robert S. Whitman, Seyfarth Shaw LLP (John W. Egan, *on the
                             brief*), New York, NY.

Appeal from the United States District Court for the Southern District of New York (Schofield, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Defendants-Appellants Agency for the Performing Arts, Inc. ("APA"), Maggie Gallant, Sheila Munguia, and Jenna Hudson (collectively, "Defendants") appeal the July 8, 2016 order of the United States District Court for the Southern District of New York (Schofield, *J.*) granting the motion of Plaintiff-Appellee CMGRP, Inc. ("CMGRP") to remand the action to the Supreme Court of the State of New York and granting CMGRP's request for costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c). Appellants challenge the order's award of fees and costs. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"[O]ur review of a district court's award of attorney's fees and costs under [28 U.S.C. §] 1447(c) is for abuse of discretion." *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011).

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case [to state court] may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, [however,] courts may award attorney's fees under [Section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Calabro*, 650 F.3d at 166. Further, "[w]hen a court exercises its discretion in this manner, . . . its reasons for departing from the general rule should be faithful to the purposes of awarding fees under [Section] 1447(c)," which include disincentivizing actions that "delay[] resolution of the case, impose[] additional costs on both parties, and waste[] judicial resources." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005) (internal quotation marks omitted).

Here, Defendants claimed that the court had diversity jurisdiction over an action with non-diverse parties because CMGRP had "fraudulently joined" an improper party, Munguia, to the case simply to eliminate diversity. It is well settled that "[a] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection to the controversy." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001) (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998)). In order to prove fraudulent joinder, the defendant "must demonstrate, by clear and convincing evidence . . . that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court." *Id.* (quoting *Pampillonia*, 138 F.3d at 461).

In this case, however, the district court did not abuse its discretion in concluding that Defendants had no "objectively reasonable" basis on which to argue that CMGRP could not possibly state a breach-of-contract claim against Munguia. "Under New York law, a breach of contract claim requires proof of (1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages." *Fischer & Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d Cir. 2011). "Accept[ing] facts alleged as true and interpret[ing] them in the light most favorable to plaintiff," *Miglino v. Bally Total Fitness of Greater N.Y., Inc.*, 985 N.E.2d 128, 134 (N.Y. 2013), CMGRP pled that: (1) Munguia signed a Code of Conduct Non-

Solicitation Agreement with CMGRP; (2) CMGRP did not violate the agreement; (3) Munguia violated the agreement by beginning to work for APA "in direct competition with" CMGRP, including by "directly or indirectly solicit[ing] CMGRP clients and prospects," less than a year after she left CMGRP; and (4) CMGRP suffered damages. App'x at 26, 28. Although Defendants argue that Munguia and Gallant's affidavits contradict the complaint's allegations and that the non-compete clause is overbroad and therefore not fully enforceable, neither of these contentions, even if true, would make it impossible for CMGRP's claim against Munguia to survive a motion to dismiss in New York state court. *See Miglino*, 985 N.E.2d at 134 (holding that, on a motion to dismiss, movant's affidavits could not overcome complaint's allegations; *see also Brown & Brown, Inc. v. Johnson*, 34 N.E.3d 357, 362-63 (N.Y. 2015) (finding factual dispute as to whether overbroad restrictive covenant could still be partially enforced).

In addition, the district court's award served the purposes of Section 1447(c). Defendants argue that CMGRP's filing of the New York state case was itself abusive behavior. But in the context of wasteful litigation, as elsewhere in life and the law, "[t]wo wrongs don't make a right." *Utah v. Strieff*, 136 S. Ct. 2056, 2065 (2016). This removal simply delayed resolution of the instant action, imposed additional costs on both parties, and wasted federal and state resources. *See Martin*, 546 U.S. at 140-41.

CMGRP also seeks attorneys' fees and costs for the instant appeal. Section 1447(c) is limited by its terms to "[a]n order remanding the case." 28 U.S.C. § 1447(c). "Because we are not remanding the case," we are not "empower[ed]" "to grant [CMGRP's] request for attorney[s'] fees." *Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 332 F.3d 116, 130 (2d Cir. 2003). The "request for costs is properly before us, [however,] not pursuant to Section 1447(c), but under Rule 39 of the Federal Rules of Appellate Procedure." *Id.*; *see* Fed. R. App. P. 39(a)(2). CMGRP's request for costs is granted.

We have considered the remainder of Defendants' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3