17-2707-cv
*Capstone Logistics Holdings, Inc., et al. v. Navarrete, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of August, two thousand eighteen.

Present:
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*,
> JANE A. RESTANI,*
> > *Judge.*

---

Capstone Logistics Holdings, Inc., Capstone Logistics, LLC, Pinnacle Workforce Logistics, L.L.C.,

> *Plaintiffs-Counter-Defendants-Appellees*,                          17-2707-cv

v.

Pedro Navarrete, David Poffenberger, Steven Willis, Mario Rojas, Humano LLC,

> *Defendants-Counter-Claimants-Appellants*.

---

* Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

1

17-2707-cv
*Capstone Logistics Holdings, Inc., et al. v. Navarrete, et al.*

| | |
|---|---|
| *For Plaintiffs-Appellees*: | JAMES S. YU, Seyfarth Shaw LLP, New York, NY (Robert B. Milligan, Seyfarth Shaw LLP, Los Angeles, CA, *on the brief*). |
| *For Defendants-Appellants*: | MICHELLE R. FERBER, Ferber Law, PC, San Ramon, CA (Stephen L. Moses, Ferber Law, PC, San Ramon, CA, Eric A. Savage, Maria Caceres-Boneau, Littler Mendelson, P.C., New York, NY, *on the brief*). |

Appeal from an order entered July 28, 2017, in the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's order for preliminary injunction is **VACATED** and the issue is **REMANDED** for further proceedings.

Pedro Navarrete, David Poffenberger, Steven Willis, Mario Rojas, and Humano LLC appeal the district court's order preliminarily enjoining them from, among other things, soliciting Capstone's clients and employees and using Capstone's proprietary and confidential information. We assume the parties' familiarity with the underlying facts, the procedural history, the arguments presented on appeal, and the district court's rulings, which we reference only to explain our decision.

"As a general rule we do not disturb a district court's grant of a preliminary injunction, absent an abuse of its discretion." *Fireman's Fund Ins. Co. v. Leslie & Elliott Co.*, 867 F.2d 150, 150–51 (2d Cir. 1989) (per curiam). To receive a preliminary injunction, the plaintiff must show (1) "a likelihood of success on the merits," (2) "that [the plaintiff] is likely to suffer irreparable injury in the absence of an injunction," (3) that "the balance of hardships tips in the plaintiff's favor," and (4) "that the public interest would not be disserved by the issuance of [the] injunction." *Salinger v.*

2

*Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010) (internal quotation marks omitted). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (per curiam) (alteration in original) (emphasis in original) (internal quotation marks omitted).

In this case, the district court held a hearing before issuing the challenged preliminary injunction order. The findings of fact and conclusions of law necessary to sustain plaintiffs' claimed entitlement to the forms of injunctive relief ordered, however, were not clearly set forth in the written order, nor were such findings and conclusions readily discernible from the transcript of the proceedings. Accordingly, we vacate the district court's order and remand the case for the district court to make appropriate findings of fact and conclusions of law concerning whether plaintiffs are entitled to injunctive relief. *See Fireman's Fund Ins. Co.*, 867 F.2d at 151.

In connection with the district court's determination as to plaintiffs' likelihood of success on the merits, two interrelated issues were the focus of considerable argument before the panel. The first was whether defendants' post-contract obligations arise out of employment or merger agreements. If employment agreements are the source, this may present a conflict between the laws of California, where some of the defendants reside and work, and Delaware, which was chosen as the applicable law in the contracts that the parties appear to agree form the basis of any such obligations. The second issue is how to resolve the conflict of laws if it does exist.

The parties' choice of law is, without more, indicative of the parties' desire to select the substantive law of the selected state, a choice that New York courts generally honor. *See Ministers and Missionaries Ben. Bd. v. Snow*, 26 N.Y.3d 466, 476, 45 N.E.3d 917, 924 (2015). In *Ministers*, the Court of Appeals of New York did not have cause to address the status of prior law recognizing that the parties' choice of law must yield to a conflicting law reflecting the "fundamental public policy" of a state with a "materially greater interest" in the dispute than the chosen state. *See Brown & Brown, Inc. v. Johnson*, 25 N.Y.3d 364, 368–69, 34 N.E.3d 357, 368–69 (2015) (describing the nature of the public policy implicated by the exception); *Welsbach Elec. Corp. v. MasTec N. Am., Inc.*, 7 N.Y.3d 624, 629, 859 N.E.2d 498, 501 (2006) (invoking the definition found in Restatement (Second) of Conflict of Laws § 187(2), which features "materially greater interest" language); *Marine Midland Bank, N.A. v. United Missouri Bank, N.A.*, 223 A.D.2d 119, 124, 643 N.Y.S.2d 528, 531 (App. Div. 1996) (applying the public policy exception analysis to a state other than New York). We need not resolve these issues now as, to the extent necessary, they should be briefed by the parties and decided by the district court in the first instance.

The district court's preliminary injunction order is **VACATED** and the issue is **REMANDED** for proceedings consistent with this opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk