DeVivo Associates Inc. v. Nationwide Mutual Insurance Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of March two thousand twenty.

Present:      ROSEMARY S. POOLER,
              GERARD E. LYNCH,
                      *Circuit Judges*.
              JESSE M. FURMAN,[1]
                      *District Judge*.

_____

DEVIVO ASSOCIATES, INC, DENNIS J. DEVIVO,

        *Plaintiffs-Appellants*,

    v.                                                    19-2263-cv

NATIONWIDE MUTUAL INSURANCE COMPANY,

        *Defendant-Appellee*.

_____

Appearing for Appellant:      William P. Tedards, Jr., Washington, D.C.

Appearing for Appellee:       Quintin F. Lindsmith, Bricker & Eckler LLP (Ali I. Hague, *on the brief*), Columbus, OH.
Elizabeth P. Kessler, Casteel E. Borsay, Jones Day, *on the brief*, Columbus, Ohio

_____

[1] Judge Jesse M. Furman, United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Chen, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

DeVivo Associates Inc. and Dennis J. DeVivo (together, "DeVivo") appeal from the July 18, 2019 order of the United States District Court for the Eastern District of New York (Chen, *J.*) dismissing their complaint against Nationwide Mutual Insurance Company. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

DeVivo has been an exclusive agent for Nationwide Mutual Insurance Company since 1976. In 1993, DeVivo converted his agency from an individual agency to a corporate agency, and DeVivo Associates entered into a Corporate Agency Agreement ("Agency Agreement") with Nationwide. The Agency Agreement continued until either party cancelled, either with or without cause. As relevant to this appeal, the Agency Agreement provides that Nationwide would pay DeVivo certain deferred monetary benefits. However, it also reserves to Nationwide the right to terminate the deferred compensation benefits:

> Nationwide hopes and expects to continue the Agent Security Compensation plan indefinitely, and every effort has been made to meet future conditions. In order to protect the Agency and Nationwide against unforeseen conditions, however, the right to amend or terminate this plan is necessarily reserved by Nationwide. Nationwide may terminate this plan by notification, at least sixty (60) days prior to such termination, in writing.
> No change in the Plan or termination, however, can alter or modify rights or benefits received or credited prior to such change or modification.

The Agency Agreement also provides that the deferred compensation benefits are subject to forfeiture if DeVivo engages in certain activities post-termination, including selling insurance within a 25-mile radius within the year, failure to return certain materials to Nationwide, and engaging in certain solicitation activities.

In April 2018, Nationwide announced plans to move from an exclusive agency model to fully independent agencies. Under the plan, Nationwide would cancel all of its Agency Agreements. However, Nationwide offered its exclusive agents a choice of several different options for continuing their relationship with Nationwide. DeVivo brought this litigation, asserting claims for (1) breach of the implied covenant of good faith and fair dealing; (2) express breach of contract; and (3) challenging the enforceability of the Agency Agreement's forfeiture provision.

We agree with the district court that DeVivo's claims for breach of contract and breach of the implied covenant of good faith and fair dealing fail as a matter of law. Naturally read, the only substantive limitation on Nationwide's reserved power to amend or terminate the deferred compensation benefit is the prohibition on "alter[ing] or modify[ing] rights or benefits received

or credited prior to such change or modification." App'x at 36 ¶ 11(h). The Extended Earnings benefit is not "credited" to DeVivo until the termination of the agreement, at which point it is calculated based on performance in the twelve months preceding termination. DeVivo received much more than sixty days' notice of termination or modification of the deferred compensation benefit plan, which was all that he bargained for in the parties' contract. *Id.*

We vacate the district court's judgment dismissing Count Three of the complaint, which challenges the enforceability of the forfeiture provision of the agreement. A motion to dismiss a claim pursuant to Rule 12(b)(6) should be denied if the complaint contains sufficient non-conclusory factual allegations to render the claim plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We conclude that DeVivo's complaint meets this standard as to Count Three.

Under New York law, courts will enforce a contract provision that conditions receipt of postemployment benefits upon compliance with a restrictive covenant without regard to reasonableness unless the employee was terminated involuntarily and without cause." *Morris v. Schroder Capital Mgmt. Int'l*, 7 N.Y.3d 616, 621 (2006) (internal quotation marks omitted). The record is simply too thin to say, as a matter of law, that the choices offered by Nationwide through the Agency Contract Exchange Program suffice to permit application of the employee choice doctrine. In particular, we cannot conclude that any option provides DeVivo with a benefit to which he would not have been entitled had Nationwide simply terminated his exclusive agency agreement, making him an independent agent. Nationwide asserts that options provided by the Agency Contract Exchange Program would confer on him the right to use policyowner data, but based on the allegations in the complaint (or incorporated therein), it may be that DeVivo already had that right. Every option exacts a price from DeVivo—in the form of a cash payment to Nationwide, a tax payment to the Internal Revenue Service, a restriction on DeVivo's right to use policyowner data for a period of year, or some combination thereof. Thus, it is plausible that a reasonable person in DeVivo's position would feel "compel[led]" to forgo participation in the Program. *Morris*, 7 N.Y.3d at 622. If that were the case, DeVivo's termination could not be treated as voluntary, and the covenant would have to be evaluated for reasonableness, which cannot be done "on this record and at this early stage of the action when [no] discovery has taken place." *Brown & Brown, Inc. v. Johnson*, 25 N.Y.3d 364, 372 (2015).

We have considered the remainder of DeVivo's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED in part, and VACATED and REMANDED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk